DECISION
The instant matter is before the Court on plaintiffs motion to remand the action to the Zoning Board of Review for consideration of additional evidence. In the alternative, plaintiffs request that they be allowed to present the additional evidence to this Court.
Rhode Island General Laws § 45-24-69(b) authorizes the Superior Court to remand a matter to the Zoning Board of Review for presentation of additional evidence. This same section states that the court is so authorized when "it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for the failure to present it at the hearing before the zoning board of review." Id. (emphasis added)
Subsection (c) of § 45-24-69 allows the court to consider additional evidence:
 "if it appears to the court that additional evidence is necessary for the proper disposition of the matter, it may allow any party to the appeal to present that evidence in open court, which evidence, along with the report, constitutes the record upon which the determination for the court is made."
The property in question is located on Goat Island, Newport, Rhode Island. Defendants own and operate a clambake facility under the name Regatta Club. In 1978, the owners of this property upon which the Regatta is now located were granted a special use permit in order to build multiple apartments. These apartments were never built and instead, the defendants applied for and received a permit to build the existing restaurant. Plaintiffs are now challenging the propriety of this building permit, arguing that defendants were required to request permission from the Zoning Board to alter the "special use" for which the property was previously deigned.
Plaintiffs first argue that the matter should remanded to the Zoning Board of Review because, they say, at the time this matter was before the Zoning Board, "the record of special exception granted by the Zoning Board of Review in 1978 . . . at certain times between 1997 and 1999 was not available in the zoning records of the City of Newport." Affidavit of Guy Weston.
 "In this matter, the additional evidence to be introduced to the Board is the record of the special exception granted for the use of the property in 1978. The evidence was not in the file when examined by Plaintiffs and even the Zoning Officer was unaware of its existence at the time of the hearing. . . .Based upon discovery of the evidence, the Zoning Enforcement Officer's opinion, which forms the basis of this appeal, is polar opposite of what was previously opined." Plaintiffs' Memorandum, 2.
Plaintiffs also assert, however, that if this Court does not find cause to remand the matter, it should entertain the additional evidence of this 1978 special use permit in its consideration of plaintiffs case.
In response, defendants proffer the following arguments:
 1) this evidence of the special use permit is not material. "The proffered evidence was the record of a special exception granted in 1978 for the construction of an apartment building on Lot 1, and since that is completely irrelevant to the establishment of the Regatta Club 20 years later, it does not provide a valid basis for remand." Defendants' Memorandum, 16.
 2) the two provisions upon which, it appears, plaintiffs are relying, § 17.108.020 (C) and (D), do not apply to this particular development primarily because they were not included in the Newport Zoning Ordinances at the time defendants applied for their building permit. Id., 4-7.
 3) even if these provisions were included in the ordinances at the appropriate time, they do not apply. Id., 7-16.
After reviewing the record and considering the oral arguments made before it, this Court agrees with the defendants' position that the 1978 special exception is not sufficiently "material" to warrant remanding the matter to the Zoning Board of Appeal. Additionally, the Court is not persuaded that plaintiffs could not have obtained this material by exercising due diligence as evidence of the special exception is recorded in the Building Inspector's office and the Land Evidence Records.
Accordingly, this Court is of the opinion that the plaintiffs have not met their statutory burden and their motion to remand is denied.
The plaintiffs also argue for the admission of this special exception as additional evidence in this Court's proceedings. As previously mentioned, in order for such evidence to be considered, the plaintiffs must show that the evidence is necessary for the proper disposition of the matter. As defendants articulate, it appears that the sole source of support for plaintiffs' request is the Newport Zoning Ordinance § 17.108.020 (C) and (D).[1]
 "C. Any substantial revision of an approved special use permit application and any reconstruction, enlargement, extension, moving or structural alteration of an approved special use permit use or any building or structure in connection therewith shall require submission of a new special use permit application as for the original application.
 D. The granting of a special use permit shall not empower the applicant to carry out any uses permitted as of right within the zoning district in which the property is located unless the approved special use permit has expired or canceled [sic] or the special use has been abandoned. A new special use permit application shall be required as for the original application where the applicant desires to add to an existing special use any use permitted as of right within the zoning district in which the property is located."
While a cursory read of these sections might seem to lend credence to their position, one need only refer to the date of enactment to realize one obstacle facing plaintiffs. The defendants filed their application for a building permit on February 5, 1998. Def. Exhibit 2. The aforementioned amendments were effective February 11, 1998. As defendants indicate, under § 17.04.040 of the Newport Zoning Ordinance, this amendment cannot be applied to the Regatta Club as its terms were not effective until after the application was submitted. Section 17.04.040 states:
 "Applications for development that are substantially complete and have been submitted for approval to the appropriate review agency prior to the enactment of a new zoning code or amendment will be considered vested under this section and shall be reviewed under the regulations applicable in the zoning code in force at the time the application was submitted."
Even if this Court found that the aforementioned sections of the Zoning Ordinance were in force at the time defendants submitted their application, the plaintiffs are still unable to hurdle the obstacle of applicability. Subsection (C) addresses any revision of "an approved special use permit application. . . approved special use permit or any building or structure in connection therewith." This is not the situation facing this court. The instant problem does not revolve around the special use permit, application or anything in connection thereof. Therefore, this section is not applicable.
Similarly, subsection (D) addresses changes in "an existing use that was established by special use permit" and "any building or structure in connection thereof." Again, this is not the situation facing this Court. The Regatta Club was built under the original use established as a matter of right by the Zoning Ordinances. The special use permit, while approved by the Board in 1978, was never used for its intended, or any other, purpose.
Having reviewed and considered all the evidence and material included in this record, this Court is not convinced that the matter of the 1978 special use permit is material or necessary for the disposition of this case. Therefore, their motions are both denied.
Counsel shall prepare the appropriate order.
[1] Plaintiffs do not cite any legal authority in their Memorandum.